# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET McCURDY, | CASE NO. 1:11-cv-00740-AWI-SKO |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO STAY** |
| v. | (Docket No. 38) |
| NOVARTIS PHARMACEUTICALS CORPORATION, | |
| Defendant. | **ORDER SETTING SCHEDULING CONFERENCE** |
| _____ / | |

## I. INTRODUCTION

On March 19, 2012, Defendant Novartis Pharmaceuticals Corporation ("Defendant") filed a motion to stay this action for the remainder of 2012, arguing that dozens of similar cases are advancing to trial and that developments in those cases will assist in the efficient resolution of this action. (Docs. 38-41.) On April 18, 2012, Plaintiff Bret McCurdy ("Plaintiff") filed an opposition. (Docs. 42-43.) Defendant filed a reply on April 25, 2012. (Docs. 44-45.)

The Court has reviewed the parties' briefs and supporting documents and determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g); as such, the hearing scheduled for May 2, 2012, is VACATED. For the reasons set forth below, Defendant's motion to stay is DENIED.

## II. BACKGROUND

On April 13, 2011, Plaintiff filed a complaint in the United States District Court, Central District of California. (Doc. 1.) Plaintiff alleges that he was prescribed and infused with the drugs Aredia and Zometa, two products made and marketed by Defendant and used for the management of metastatic disease to the bone. (Doc. 1, ¶¶ 2, 6.) As a result of using Aredia and Zometa, Plaintiff asserts that he developed severe osteonecrosis of his jaw. (Doc. 1, ¶ 2.) Plaintiff pleads claims for strict liability, negligent manufacture, failure to warn, breach of express warranty, and breach of implied warranty. (Doc. 1, ¶¶ 20-49.)

On May 10, 2011, the case was transferred from the Central District to the Eastern District of California. (Doc. 11.) A scheduling conference was set for February 16, 2012, before Magistrate Judge Sheila K. Oberto; on February 9, 2012, the parties filed a joint scheduling report indicating that Defendant intended to seek a stay of all litigation in this matter and that Plaintiff would oppose any stay. (Docs. 26, 36.) The scheduling conference was vacated to allow Defendant time to file a motion to stay; the instant motion was filed on March 19, 2012. (Docs. 37, 38.)

Defendant's motion seeks to stay the proceedings in this action for the remainder of 2012, contending that "dozens of similar, earlier-filed cases involving Aredia and/or Zometa are advancing rapidly to trial and developments in those cases will assist the efficient resolution of this lawsuit." (Doc. 39, 4-5.) Defendant notes that in April 2006, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the consolidation of similar Aredia and Zometa actions in multidistrict litigation ("MDL") in *In re: Aredia and Zometa Products Liability Litigation*, No. 3:06-MD-1760 (M.D. Tenn.) ("MDL 1760") (Doc. 39, 13-16.) Previously, the JPML had ordered the centralization of similar cases into MDL 1760, and over 650 cases have been included in that litigation. (Doc. 39, 3:17; Doc. 42, 32:26-3:2.) On April 15, 2011, the JMPL suspended its order and denied the transfer of newly-filed cases into the MDL. (Doc. 42, 2:2-4.)

The Court notes that on August 9, 2011, a motion was filed requesting that JPML transfer this action (and 32 other actions) to MDL 1760; the motion for transfer was denied. (*See* Doc. 40, Edwards Decl., Exhs. L, M.)

1  Defendant contends that a stay is appropriate in this action because the trials, discovery, and
2  rulings that will be forthcoming in 2012 in the other, more advanced, Aredia/Zometa cases will
3  inform and assist in the ultimate resolution of this case. (Doc. 39, 6:26-7:1.) Defendant asserts that
4  several other federal district courts have stayed similar actions for the same reason. (Doc. 39,
5  7:1-8:7.) Defendant contends that the principles of equity support granting a stay to allow other
6  plaintiffs with Aredia /Zometa cases, who have spent years participating in and completing the MDL
7  process, to have their actions resolved first. (Doc. 39, 8:8-16.) Defendant lastly asserts that a stay
8  would not be prejudicial in this case because Plaintiff previously requested that this lawsuit be
9  transferred and thus placed in the back of the line of earlier-filed cases in MDL 1760; as such,
10 staying this case for a finite period will not put Plaintiff in any worse position than if his case had
11 been transferred to MDL 1760. (Doc. 39, 8:17-9:1.)

12 Plaintiff filed an opposition on April 18, 2012. (Doc. 42.) Plaintiff opposes a stay because
13 Plaintiff will be unduly prejudiced and judicial resources will not be conserved. (Doc. 42, 3:15-
14 9:20.) Plaintiff asserts that this case can move forward in an efficient manner and that the JPML,
15 by denying the motion to transfer cases, intended for non-MDL cases to move forward in their
16 respective courts. (Doc. 42, 4:13-17.) Further, Plaintiff states that Defendant fails to identify
17 specifically how the progress of earlier filed cases will help advance this case if it is stayed. (Doc.
18 42, 5:11-14.) Plaintiff contends that, while Defendant noted that some courts have granted similar
19 motions to stay, those cases are distinguishable and that "[i]n the last month alone, at least six more
20 courts have denied Novartis' motions to stay and have acknowledged various deadlines in those
21 cases." (Doc. 42, 7:5-21.) Plaintiff asserts that Defendant has not identified any real prejudice that
22 it will suffer if a stay is not granted, while delay would prejudice Plaintiff. (Doc. 42, 8:11-9:20.)

23 In the reply filed on April 25, 2012, Defendant asserts that Plaintiff's opposition does not
24 rebut Defendant's core argument that a stay in this action would advance judicial and litigant
25 economy by allowing dozens of other, more advanced cases to work their way through the federal
26 court system. (Doc. 44, 2:11-13.)

27
28

## III. DISCUSSION

**A.    Legal Standard**

A district court has the "power to stay proceedings" as part of its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court's decision to grant or deny a stay is a matter of discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). In determining whether to stay an action, courts must weigh competing interests that will be affected by the granting or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id*. (citing *Landis*, 299 U.S. at 254-55).

The existence of another proceeding that may have a substantial impact on a different case may be a compelling reason to grant a stay. "A trial court may, with propriety, find it is more efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id*. at 863-64. However, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). "If there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id*.

**B.      Motions to Stay in Other District Court Cases**

In support of their arguments regarding this motion, both parties identify and submit decisions made by district courts throughout the United States that have granted and denied motions to stay in similar Aredia/Zomeda actions.[1] (*See* Doc. 40, Exhs. A-G; Doc. 43, Exhs. G-N; Doc. 45, Exhs. A-B.) Defendant identifies eight cases in which a motion to stay was granted, and one in which the parties stipulated to stay the action. (Doc. 40, Exhs. A-G; Doc. 45, Exhs. A-B.) Plaintiff, on the other hand, identifies eight cases in where Defendant's motion to stay was denied. (Doc. 43, Exhs. H-N.)

In reviewing the submitted cases, the Court notes that out of the eight cases in which the motions to stay were granted, four were unopposed. (Doc. 40, Exhs. B, C, E, F.) In *Philips, et al. v. Novartis Pharm. Corp.*, No. CIV-11-1270-D (W.D. Okla. Feb. 16, 2012), the court noted that Defendant's motion was unopposed and granted the motion (Doc. 40, Exh. B); in *Mione v. Novartis Pharm. Corp.*, No. 1:11-CV-06834-BSJ-HBP (S.D.N.Y. Feb. 15, 2012), the court approved Defendant's letter application to stay the action and did not indicate any opposition (Doc. 40, Exh. C); in *Henry (Daniels) v. Novartis Pharm. Corp.*, No. 11-cv-915-F (N.D. Tex. Jan. 10, 2012), the court ordered the case stayed and noted that Plaintiff's counsel did not appear at the status conference (Doc. 40, Exh. E); and in *Scott v. Novartis Pharm. Corp.*, No. 3:12-cv-00022-SLG (Alaska Mar. 2, 2012), the court granted the stay and noted that there was no opposition (Doc. 40, Exh. F). Further, in *Ackerman v. Novartis Pharm. Corp.*, No. 1:11-cv-07029-BSJ-HBP (S.D.N.Y. Mar. 12, 2012), the parties stipulated to continue the action. (Doc. 42, Exh. G.) Defendant concedes that the plaintiffs in the above actions did not oppose or consented to the motions to stay, but contends that there is no evidence that the courts would not have granted the stays regardless of the plaintiffs' positions. (Doc. 44, 3:4-7.)

Defendant identifies four cases in which a stay was granted over opposition. In *Alexander v. Novartis Pharm. Corp.*, No. 11-4147 (E.D. Pa. Feb. 17, 2012), the court noted that "the plaintiff expressed her opposition" but concluded that a stay "would promote judicial efficiency" because

---

[1] Defendant Novartis Pharmaceuticals Company is the defendant and moving party for all of the motions to stay discussed herein.

there were "nineteen similar cases currently set for trial and dozes of other similar, earlier filed cases advancing rapidly to trial." (Doc. 42, Exh. A, p. 2.) In *Hahn v. Novartis Pharm. Corp.*, No. 4:11-cv-00346-GKF-FHM (N.D. Okla. Feb. 8, 2012), the court issued a minute order granting the motion to stay; the docket indicates that an opposition had been filed. (Doc. 42, Exh. D.) In *Deming, et al. v. Novartis Pharm. Corp.*, No. CIV-11-557-C (W.D. Okla. Mar. 22, 2012), the court found that "it would advance judicial economy to stay" the case and indicated that a stay "would not prejudice Plaintiffs, who have so far not indicated an urgency in prosecuting this action." (Doc. 45, Exh. A, p. 6.) In *Kostrzewa v. Novartis Pharm. Corp.*, No. 1:11-cv-11076-DJC, (Mass. Apr. 24, 2012), the court considered the plaintiff's opposition but granted the stay, noting similar stays in other districts. (Doc. 45, Exh. B., p. 8.)

In contrast, Plaintiff identifies eight cases in which Defendant's motions to stay have been denied, many of which provide a more specific basis for the denial than those decisions concluding that a stay was appropriate. In *McLaren v. Novartis Pharm. Corp.*, No. 12-60088-CIV-DIMITROULEAS (S.D. Fla. Feb. 9, 2012), the court declined to stay the proceedings but did not provide an explanation (Doc. 43, Exh. H.), nor did the court in *Hudson v. Novartis Pharm. Corp.*, No. 12-285 (E.D. Pa. Mar. 27, 2012) (Doc. 43, Exh. J). However, in *Demark, et al. v. Novartis Pharm. Corp.*, No. C11-939Z (W.D. Wash. Mar. 7, 2012), the court denied the motion to stay, finding that "Defendant has not identified any event that it anticipates will occur at the end of 2012 and will resolve or simplify this matter." (Doc. 43, Exh. I, p. 2.) In *Lawson v. Novartis Pharm. Corp.*, No. 3:12cv74-MCR/EMT (N.D. Fla. Mar. 30, 2012), the court denied the stay, expressly finding that Defendant had "not identified specifically how other cases proceeding to trial will advance this particular case . . .," that "MDL 1760 has been ongoing for more than five years, rendering it unlikely that any further development in those cases will assist in the efficient resolution of this case," and that there was "no guarantee that the twenty or so MDL cases currently set for trial will proceed to trial on schedule." (Doc. 43, Exh. K, p. 3.) In *Gilmour v. Novartis Pharm. Corp.*, No. CV 11-3064 PSG (Rzx) (C.D. Cal. Apr. 6, 2012), the court denied the motion to stay and found that "[w]hile Defendant generally argues the resolution of other cases will assist the resolution of issues in this case, Defendant does not explain what specific issues in this case may be affected by

6

the other individual cases." (Doc. 43, Exh. L, p. 3.) In *Stanley v. Novartis Pharm. Corp.*, No. CV 11-03191 MMM (Opx) (C.D. Cal. Apr. 13, 2012), the Central District of California provides a through analysis denying Defendant's motion to stay and finding that Defendant "fails to provide any detailed argument as to what issues will be resolved or simplified in other cases during the balance of 2012." (Doc. 43, Exh. M, p. 9.) Finally, in *Wheeler v. Novartis Pharm. Corp.*, No. CV 111-211 (S.D. Ga. Apr. 18, 2012), the court denied the stay on the same grounds as *Lawson*, noting that "Defendant failed to specifically identify how similar cases proceeding to trial in other courts will advance this particular case or simplify issues for trial" and that "MDL 1760 has been ongoing for more than five years, rending it unlikely that any further development in it will assist in the efficient resolution of this case." (Doc. 43, Exh. N, p. 4.)

At first glance, it appears that the cases submitted by Defendant and Plaintiff indicate that there is a balance in the courts between granting and denying Defendant's motions to stay. However, in reviewing the cases in which Defendant's motion to stay was granted, the cases do not provide a thorough analysis of why the stay was granted, but appear to accept Defendant's assertion that a stay through 2012 would promote judicial economy. In contrast, in reviewing the cases that have denied the stay, many of the decisions note that Defendant failed to indicate how the proceedings in the other cases would specifically impact the case in question and why a stay was warranted.

As indicated above, a district court's decision to grant or deny a stay is a matter of discretion, and the court must weigh the competing interests that will be affected by the granting or refusal to grant a stay. *See CMAX, Inc.*, 300 F.2d at 268. With that in mind, the Court turns to the specific circumstances *in this case* to determine if a stay is warranted.

**C.    Defendant's Motion to Stay this Action**

In determining whether a stay should be granted, the court must consider (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id*. (citing *Landis*, 299 U.S. at 254-55).

7

### 1. Prejudice to Plaintiff if Stay is Granted

Plaintiff contends that he will be prejudiced if a stay is granted. (Doc. 42, 9:9-20.) Plaintiff states that after he filed this case in April 2011, he has been denied transfer by the JPML and directed to move forward in this Court. (Doc. 42, 9:6-12.) Plaintiff asserts that there is already extensive fact discovery to be used from MDL 1760 and that case-specific discovery is now the focus of the action. (Doc. 42, 9:12-14.) Further, Plaintiff has already battled cancer and found himself in "more pain" due to Defendant's products; as such, he has already suffered greatly and would like to see the resolution of this case. (Doc. 42, 16-18.) Additionally, Plaintiff's claims for damages would be "drastically reduced" under California law if the cancer returns and he passes away prior to the resolution of this action. (Doc. 42, 9:18-20.)

Defendant notes other courts have granted motions to stay and that, while the JPML decision intended that the cases proceed in their respective courts, it did not rule that the later-filed cases should "jump ahead of, and be resolved before, earlier-filed cases." (Doc. 44, 3:23-4:3.) Defendant urges the Court to disregard Plaintiff's argument of purported prejudice due to Plaintiff's health because it is based on unsupported assertions by Plaintiff's counsel and, as such, fails to comply with United States District Court, Eastern District of California, Local Rul 230(h) requiring that "[f]actual contentions involved in pretrial motions shall be initially presented and heard upon affidavits." (Doc. 44, 5:1-4; *see also* Local Rule 230(h).)

In reviewing the order from the JPML (the "JPML Order") denying the request to transfer this and other actions to MDL 1760, the JPML Order states that denying the transfer "will allow the cases to move forward in their respective districts while still benefitting from the work that has been accomplished in the MDL over the past five years." (Doc. 43, Exh. F, p. 2.) The JPML Order noted that "[t]he remaining issues" in the cases seeking transfer "appear to be case specific." (Doc. 43, Exh. F., p. 2.) Further, the JPML Order determined that "plaintiffs' argument that their cases might be resolved sooner outside the transferee district seems to weigh against the necessity of transfer." (Doc. 43, Exh. F., p. 2.) The JPML Order does not support Defendant's assertion that the prior cases should be resolved before the instant case, as it notes that this case may be "resolved sooner" than the MDL 1760 and cites that as a reason why transfer was not necessary. (Doc. 43, Exh. F.,

p. 2.) However, the JPML Order also fails to expressly support Plaintiff's assertion that the action must move forward without delay, as it does not address the issue of stays in the district court cases. As such, the JPML Order is neutral to both parties.

Defendant contends that Plaintiff will not be prejudiced because he sought to transfer this action to the MDL court and thus requested that it be placed at the end of the queue. (Doc. 39, 8:8-9:1.) As such, Defendant asserts that Plaintiff was willing to wait until the earlier filed MDL cases were resolved. However, as noted above, the JPML Order denied transfer of this and other actions and ordered that the cases "move forward in their respective districts." (Doc. 43, Exh. F, p. 2.) Plaintiff's suit was filed on April 13, 2011, two days prior to the date when MDL 1760 issued the order suspending transfer of all Aredia/Zometa cases. (Doc. 43, Exh. E.) As such, Plaintiff filed the lawsuit when transfer was required. The fact that Plaintiff sought transfer to the MDL, which was denied, does not automatically imply that Plaintiff would not be prejudiced if the case is stayed. Plaintiff now has the opportunity to allow this case to proceed, as there is nothing in the JPML Order requiring Plaintiff to wait. (*See* Doc. 43, Exh. F, p. 2.)

Plaintiff asserts that he will be prejudiced for reasons that relate to his health. (Doc. 9:14-20.) Defendant contends that the Court should disregard Plaintiff's health assertions because he offers no evidence and only addresses the argument in his opposition. Plaintiff states that "under California law, the damages from this claim are drastically reduced if Mr. McCurdy's cancer returns and he passes away prior to the resolution of his case." (Doc. 42, 9:18-20.) While this possibility appears to be highly prejudicial to Plaintiff, it is also speculative. Plaintiff provides no evidence regarding his current state of health, or the possibility and likelihood that his cancer could reoccur. Plaintiff only provides arguments in his opposition brief. Unsworn allegations in a pleading are not evidence. *Coverdell v. Dept. of Soc. and Health Servs., State of Wash.*, 834 F.2d 758, 762 (9th Cir. 1987). As such, Plaintiff has not provided evidence to support his assertions regarding his health.

However, on balance, this factor appears to weigh slightly in favor of Plaintiff against granting a stay, as there is always an inherent risk of prejudice to a plaintiff when a case is stayed. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (recognizing that unnecessary delay inherently increases the risk that "witnesses' memories will fade and evidence will become stale").

9

### 2. Prejudice to Defendant if a Stay is Denied

The Court must also consider any hardship or inequity that Defendant may suffer in being required to go forward. *CMAX, Inc.*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). Defendant contends that a stay is appropriate to "simplify issues and promote judicial economy" but does not assert that it will be prejudiced if a stay is denied. (Doc. 39, 6:9-17.) As such, the only prejudice to Defendant appears to be that Defendant would be required to defend this suit. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Accordingly, this factor weighs against granting a stay.

### 3. The Orderly Course of Justice

Lastly, the Court considers the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc.*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). Defendant contends that a stay will simplify issues and promote judicial economy. Defendant asserts there are numerous other actions involving Aredia/Zometa and a number of them are significantly more advanced; resolution in those cases may assist in the resolution of the instant action. (Doc. 39, 5:26-8:7.) As such, Defendant's only basis for a stay is its claim that a stay will simplify issues before the court.

"[C]ase management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Exp., Inc.*, 498 F.3d at 1066. Additionally, Defendant fails to identify any specific issues that will be resolved or simplified in the other cases during the balance of 2012, or how the resolution any issues in the other cases will specifically affect this case.

As the court in *Lawson* noted:

> Novartis has not identified specifically how other cases proceeding to trial will advance this particular case or any event that it anticipates to occur by the end of 2012 that will resolve or simplify this matter.
>
> MDL 1760 has been ongoing for more than five years, rendering it unlikely that any further development in those cases will assist in the efficient resolution of this case.
>
> There is no guarantee that the twenty or so MDL cases currently set for trial will proceed to trial on schedule.

*Lawson*, No. 3:12cv74-MCR/EMT (Doc. 43, Exh. K, p. 3).

Further, this Court's docket is overburdened with more than 1,300 cases per district judge. *See JLG Enterprises, Inc. v. Excalibur Sires, Inc.*, No. 1:10–cv–02138–AWI–SKO, 2011 WL 5526321, at *3 (E.D. Cal. Nov. 14, 2011) (citing *Stewart v. City of Porterville*, No. 1:10–cv–00199 LJO SKO, (Doc. 22, 3:27–4:3) (E.D. Cal. Sept. 6, 2011). Delaying a case without sufficient cause places additional burden on this Court's already overburdened docket, as it delays resolution of the case. As such, this factor weighs against granting a stay.

### 4. Conclusion

The first factor weighs slightly in favor of Plaintiff that he will be harmed by granting a stay As for the second factor, Defendant did not argue that it would be harmed by the denial of a stay; thus, that factor also weighs in favor of Plaintiff. Regarding the third factor, Defendant's failure to specifically identify how other cases proceeding to trial will advance this particular case, or what issue or event will be resolved prior to the end of 2012, weighs against staying this action. "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. Defendant has not met that burden. As such, Defendant's motion to stay the case is DENIED.[2]

### IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to stay the case is DENIED; and
2. A Scheduling Conference is set for June 19, 2012, at 9:30 a.m. in Courtroom 7, before Magistrate Judge Sheila K. Oberto.

IT IS SO ORDERED.

**Dated:  May 1, 2012**              /s/ Sheila K. Oberto
                           UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent that Defendant is seeking a stay to limit the case to the narrow issue of statute of limitations (*see* Doc. 39, p. 2, n. 2), the Court declines to address that issue at this time. This request was mentioned in passing in a footnote and was not briefed. (*See* Doc. 39, p. 2, n. 2.)