1 | GIRARDI | KEESE
John A. Girardi (SBN 54917)
2 | jgirardi@girardikeese.com
1126 Wilshire Boulevard
3 | Los Angeles, California 90017
Tel:   (213) 977-0211
4 | Fax:   (213) 481-1554

5 | Counsel for Plaintiff BRET MCCURDY

6 |

Rebecca A. Womeldorf (admitted *pro hac vice*)
7 | (rwomeldorf@hollingsworthllp.com)
HOLLINGSWORTH LLP
8 | 1350 I Street, NW
Washington, D.C. 20005
9 | Telephone: (202) 898-5800
Facsimile: (202) 682-1639

10 |

James A. Bruen (State Bar No. 43880)
11 | (jbruen@fbm.com)
Sandra A. Edwards (State Bar No. 154578)
12 | (sedwards@fbm.com)
FARELLA BRAUN & MARTEL LLP
13 | 235 Montgomery Street, 17th Floor
San Francisco, CA  94104
14 | Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

15 |

Attorneys for Defendant
16 | NOVARTIS PHARMACEUTICALS CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET MCCURDY, | CASE NO: 1:11-cv-00740-AWI-DLB |
| Plaintiff, | **ORDER REGARDING JOINT SCHEDULING REPORT REGARDING DISCOVERY MEET AND CONFER** |
| v. | |
| NOVARTIS PHARMACEUTICALS CORPORATION, | Date:   August 22, 2012
Time:   9:30 a.m.
Courtroom: 9
Judge:   The Hon. Dennis L. Beck |
| Defendant. | |
| | Complaint filed:  April 13, 2011 |

Following the Joint Discovery Conference between plaintiff Bret McCurdy ("plaintiff") and defendant Novartis Pharmaceuticals Corporation ("NPC") on August 22, 2012, before this Court, it is HEREBY ORDERED:

**DISCOVERY PLAN:**

To the extent the parties' prior agreements regarding discovery are memorialized in the Joint Scheduling Report [Docket No. 36] and/or the Joint Discovery Report [Docket 56], and/or to the extent certain discovery issues were the subject of this Court's prior Scheduling Order [Docket 52], this Order does not alter those agreements or that Order.

### A.    Initial Disclosures

If a responding party fails to timely serve a fact sheet, or serves a fact sheet that is timely but not complete in all material aspects, this Court declines NPC's request that the issuing party be allowed to seek an Order to Show Cause within fifteen days after service of a deficiency letter. Instead, the Court will permit the issuing party to file the appropriate discovery motion regarding any outstanding deficiencies.

### B.    Subjects on Which Discovery May Be Needed

Discovery will be bifurcated between liability and damages, so that if there are witnesses who are anticipated to testify solely on damages related issues, those depositions will proceed after dispositive motions have been heard and ruled upon.

### C.    Changes to Limitations on Discovery

To the extent plaintiff wishes to propound written discovery upon NPC, the parties shall first meet and confer. If following that meet-and-confer the parties cannot reach an agreement, the parties may involve the Court. The Court further orders that each party is limited to conducting ten (10) non-party depositions. If a party believes that further depositions are needed, the parties shall meet and confer. If following that meet-and-confer the parties are unable to reach an agreement, the parties may involve the Court.

#### 1.    Ex Parte Contacts

The Court declines plaintiff's request to enter an order barring NPC from having ex parte contacts with treating physicians or health care providers. The Court suggests that to the extent

- 1 -

[PROPOSED] ORDER RE JOINT SCHEDULING REPORT RE DISCOVERY
CASE NO: 1:11-cv-00740-AWI-DLB

1  NPC believes substantive contact with treating physicians or health care providers are necessary,
2  that such contacts occur with both parties' participation.

IT IS SO ORDERED.

Dated:   **October 9, 2012**            /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE